**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS ISLEY, JEFFERY QUINN, VIPUL KHANNA, WALINGTON URENA, DANIEL GULICK, MICHAEL HENCHY JR., ANGELA BOVENZI, JONATHAN YEHUDA, and PAUL HOFFNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendant. | Civil Action No.: 2:19-cv-12680-ESK |

**FINAL ORDER AND JUDGMENT CERTIFYING SETTLEMENT CLASS AND GRANTING FINAL APPROVAL OF SETTLEMENT**

THIS MATTER having come before the Court for consideration of the motion for final approval of the parties' class action Settlement and the motion for an award of attorneys' fees and expenses, and approval of class representative service awards to the named Plaintiffs, in accordance with the parties' Settlement Agreement;

WHEREAS, Plaintiffs Thomas Isley, Jeffery Quinn, Vipul Khanna, Walington Urena, Daniel Gulick, Michael Henchy Jr., Angela Bovenzi, Jonathan Yehuda, and Paul Hoffner ("Plaintiffs"), and Defendant BMW of North America, LLC ("BMW"), reached a class settlement of this action after substantial arm's length negotiations, and executed a Settlement Agreement on July 8, 2021 (the "Agreement" or "Settlement Agreement");

WHEREAS, on July 23, 2021, Plaintiffs submitted the Settlement Agreement together with a Motion for Preliminary Approval of the proposed Settlement to the Court [ECF 54];

WHEREAS, on August 3, 2021, the Court issued an Order Granting Preliminary Approval of Class Action Settlement granting preliminary approval of the Settlement Agreement and all of its terms (the "Preliminary Approval Order") [ECF 55], and for settlement purposes only, (a) preliminarily certifying the proposed Settlement Class as set forth in the Settlement Agreement, (b) preliminarily appointing Settlement Class Counsel, the Plaintiffs as Settlement Class Representatives, and Atticus as the Settlement Claims Administrator, (c) approving the parties' proposed Class Notice and plan for disseminating the Class Notice (the "Class Notice Plan") as set forth in the Settlement Agreement, (d) directing the parties to implement the Class Notice Plan accordingly, (e) directing the time and manner for any Settlement Class Member to object to, or request exclusion from, the proposed Settlement, (f) scheduling the filing of various submissions in connection with the Settlement approval process, and (g) scheduling the Final Fairness Hearing for January 10, 2022;

WHEREAS, the Settlement Claims Administrator, Atticus, timely and sufficiently effectuated the approved Class Notice Plan in accordance with the Settlement Agreement and Preliminary Approval Order (Affidavit of Bryn Bridley, Director of Project Management at Atticus Administration, LLC, dated December 23, 2021 [ECF 65]);

WHEREAS, only four Settlement Class Members submitted an objection to the Settlement [ECF 65];

WHEREAS, only 47 Settlement Class Members submitted valid Requests for Exclusion from the Settlement [ECF 65];

WHEREAS, the Plaintiffs filed their Motion for Final Approval of the Class Action Settlement on December 16, 2021 [ECF 63], and their Motion for an Award of Attorneys' Fees,

Reimbursement of Expenses, and Approval of Class Representative Service Awards on November 16, 2021 [ECF 57];

WHEREAS, the Court conducted a Final Fairness Hearing on January 10, 2022, the Parties, having appeared by counsel in support of final approval of the proposed Settlement, and the Court, having heard the arguments of counsel and having carefully reviewed and considered the Settlement Agreement, all motions and submissions filed in connection with the proposed Settlement and the approval process, the implementation of the Class Notice Plan, the full record in this Action, and having carefully considered and applied the applicable law and criteria for reviewing and approving class action settlements pursuant to Fed. R. Civ. P. 23 ("Rule 23") and the factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975):

**NOW, THEREFORE, IT IS ON THIS    10th    DAY OF JANUARY, 2022, ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court has jurisdiction over the subject matter of the Action and over the Parties pursuant to 28 U.S.C. § 1332, including all members of the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order.

2. The Settlement Agreement is fair, reasonable, and adequate and complies in all respects with Rule 23 and the applicable law. Accordingly, the Court hereby grants final approval of the Settlement and all of its terms and conditions.

3. The Settlement Agreement, including its exhibits, and the definitions contained therein, are incorporated and made a part herein by reference in this Final Approval Order and Judgment.

4. The Court hereby certifies the following Settlement Class:

> All current (as of the Effective Date) and former owners and lessees in the United States, including the District of Columbia and Puerto Rico, of

certain of the following U.S.-specification BMW vehicles distributed for sale, registered, and operated in the United States, including the District of Columbia and Puerto Rico: 2013-2019 650i/xi (TU1), 2013-2018 650i/xi Conv (TU1), 2013-2017 650 i/xi Coupe (TU1), 2013-2015 750i/xi (TU1), 2013-2015 750Li/Lxi (TU1), 2013-2017 550i/xi (TU1), 2014-2016 550i/xi GT (TU1), 2014-2018 X5 (TU1), and 2015-2019 X6 (TU1).

5. Excluded from the Settlement Class are Defendant, as well as Defendant's parents, affiliates, employees, officers, and directors, attorneys, agents, insurers, third-party providers of extended warranty/service contracts, franchised dealers and their owners and immediate family members, independent repair/service facilities and their owners and immediate family members, fleet owners and operators, rental companies and vehicles, the attorneys representing Defendant in this case, the Judges and Mediator to whom this case is assigned and their immediate family members, all persons who request exclusion from (opt-out of) the Settlement, owners and lessees of vehicles purchased from salvage yards/junkyards/recyclers, vehicles that had a salvage title or deemed a total loss before a repair of any oil consumption related issue, anyone claiming personal injury or property damage other than to a Class Vehicle due to excessive oil consumption or through subrogation, all persons who previously released any claims encompassed in this Settlement, and owners and lessees of vehicles registered or transported outside the United States.

6. The Court finds, for settlement purposes, that the requirements of Rules 23(a) and (b)(3) have been satisfied, warranting final approval of this Settlement and certification of the Settlement Class, because, *inter alia*, the Settlement Class members, numbering over one hundred thousand, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Plaintiffs are typical of those of the Settlement Class Members they represent; the Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class and their interests are not antagonistic to those of the Settlement Class; common questions of law and fact

predominate over questions affecting only individual Settlement Class Members; and a class action is superior to individual litigation in this matter.

7.     The Court also finds that the Settlement Agreement is the product of vigorous arm's-length negotiations of disputed claims among experienced class action counsel, and is not the product of collusion. Furthermore, the Settlement was negotiated with the assistance of an experienced neutral mediator. In entering into the Settlement, counsel for both sides adequately assessed this case's strengths, weaknesses and the risks of further litigation, and structured the Settlement in a way that properly accounts for those strengths, weaknesses and risks, and is fair, reasonable and adequate in compliance with Rule 23 and applicable law.

8.     At all times, the Plaintiffs and Settlement Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class.

9.     Class Notice was properly and timely disseminated to the Settlement Class in accordance with the Class Notice Plan set forth in the Settlement Agreement and the Preliminary Approval Order [ECF 55]. The Class Notice Plan and its implementation satisfied Rule 23, the requirements of due process, and constituted the best notice practicable under the circumstances.

10.    The Notice of this proposed Settlement provided by the Defendant's counsel to the U.S. and States' Attorneys General, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, was timely, was proper, and fully satisfied the requirements of that statute. The Court also notes that no Attorney General has objected to any aspect of the proposed Settlement.

11.    Of the 186,189 Settlement Class Members in this Action, only four Settlement Class Members, or .002%, objected to the Settlement. In addition, only 47 Settlement Class Members, or .0254%, submitted valid requests for exclusion from the Settlement. The Court finds that the very small number of objections and requests for exclusion demonstrates an extremely

favorable reaction of the Settlement Class to the Settlement, which further supports the findings herein and that the Settlement is fair, reasonable and adequate and complies with Rule 23 and the applicable law.  Moreover, "any Class Member who objected to the adequacy of relief had the option of opting out of the Settlement and pursuing his or her own case against [BMW]." *See Henderson v. Volvo Cars of N. Am., LLC*, 2013 WL 1192479, at *9 (D.N.J. Mar. 22, 2013).  The Court therefore finds the objections to be without merit and hereby finally approves the Settlement.

12. The terms of the Settlement Agreement, including the Released Claims against all Released Parties, and of the Final Approval Order and Judgment, are binding in all respects on the Plaintiffs and all Settlement Class Members, as well as their heirs, executors, administrators, successors and assigns, with the exception of the 47 Settlement Class Members, identified in Exhibit A hereto, whom the Court finds as having timely and properly filed requests for exclusion from the Settlement.

13. The Court, having granted final approval of this Settlement, hereby directs its implementation pursuant to the terms and conditions of the Settlement Agreement.

14. The Court hereby finally approves and appoints the following Plaintiffs as Settlement Class Representatives: Plaintiffs Thomas Isley, Jeffery Quinn, Vipul Khanna, Walington Urena, Daniel Gulick, Michael Henchy Jr., Angela Bovenzi, Jonathan Yehuda, and Paul Hoffner. The Court finds that these Settlement Class Representatives have fairly and adequately protected and represented the interests of the Settlement Class,  and  will continue to do so.

15. The Court hereby finally approves and appoints Frederick J. Klorczyk III and Joel D. Smith of Bursor & Fisher, P.A. as Settlement Class Counsel, and finds that they are experienced class action counsel who have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class.

16. The Court hereby finally approves and appoints Atticus as the Settlement Claims Administrator.

17. The Court hereby grants Settlement Class Counsel's request for an award of reasonable attorneys' fees, inclusive of all expenses, in the total combined amount of One Million Eight Hundred Seventy-Three Thousand Dollars ($1,873,000.00). Said award shall be paid by Defendant in the manner provided by the terms of the Settlement Agreement, and shall fully, completely and forever satisfy any and all obligations of Defendant, and any Released Party, with respect to any and all counsel fees and expenses in connection with this Action and the Settlement.

18. The Court also hereby approves the payment of class representative service awards to the Settlement Class Representatives as follows: Three Thousand Dollars ($3,000.00) each to Thomas Isley, Jeffery Quinn, Vipul Khanna, Walington Urena, Daniel Gulick, Michael Henchy Jr., Angela Bovenzi, Jonathan Yehuda, and Paul Hoffner. Said service awards are to be paid by Defendant in the manner provided by the terms of the Settlement Agreement, and said payments shall duly, completely and forever satisfy any and all obligations of Defendant, and any Released Party, with respect to Settlement Class Representative service awards.

19. Plaintiffs, and each and every Settlement Class Member (other than the Settlement Class Members specifically listed in Exhibit A to this Final Approval Order and Judgment), hereby fully, finally release and forever release, discharge and acquit all Released Parties from all Released Claims, as set forth in the Settlement Agreement.

20. This Action, and all claims against Defendant, are hereby dismissed with prejudice, without fees or costs to any party, except as expressly provided for in the Settlement Agreement and this Final Approval Order and Judgment.

21. Plaintiffs and each and every Settlement Class Member (other than those specifically listed in Exhibit A), and any person actually or purportedly acting on behalf of any said Settlement Class Member(s), is/are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative, collective or other action or proceeding, directly or indirectly, in any judicial, administrative, arbitral, or other forum) against any of the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Approval Order and Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, Settlement Class Members are not precluded from communicating with, or complying with requests or inquiries from, any governmental entity or authority relating to any issues raised in this Action or Settlement.

22. Nothing in this Final Approval Order and Judgment, the Settlement, the Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, is or shall be deemed, construed to be, or in any way used as, an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability, or of any wrongdoing whatsoever, by or on the part of Defendant or any Released Party, or of the truth of any of the claims and allegations asserted by Plaintiffs in this Action, all of which are hereby denied.

23. By incorporating the Settlement Agreement and its terms herein, the Court determines that this Final Approval Order and Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

24. Without further order of the Court, the parties may agree to reasonable necessary extensions of time to carry out any of the provisions of the Settlement.

25. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement and this Settlement, which includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce the above-described bar on and injunction against prosecution of any and all Released Claims.

26. Finding that there is no just reason for delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

27. The Clerk is directed to terminate ECF No. 57 and ECF No. 63, and to designate the Action as CLOSED.

*/s/ Edward S. Kiel*
Hon. Edward S. Kiel
United States Magistrate Judge

**Exhibit A**
**Isley, et al. v. BMW of North America, LLC**
**Civil Action No. 2:19-cv-12680-ESK**
**Requests for Exclusion**

| Opt Out Number | First Name | Last Name | VIN | Status | Reason |
|---|---|---|---|---|---|
| OPTOUT1 | PAMELA K | MAHAN | 5UXKR6C59E0J73269 | VALID | |
| OPTOUT2 | THOMAS WILLIS | NORTHERN | 5UXKR6C58G0J80703 | VALID | |
| OPTOUT3 | SERGEY S | OVECHKIN | 5UXKU6C5XJ0W38974 | VALID | |
| OPTOUT4 | BLAISE J | VERDI | WBAYE8C54DD132264 | VALID | |
| OPTOUT5 | JASON | BROWN | 5UXKR6C51F0J77205 | VALID | |
| OPTOUT6 | FRANK MARTIN | CHOMENKO | WBAYE8C51FD781314 | VALID | |
| OPTOUT7 | ANTONIO S | VICIDOMINI | 5UXKR6C58F0J76259 | VALID | |
| OPTOUT8 | STEVEN M | RUFFALO | 5UXKR6C54G0J80486 | VALID | |
| OPTOUT9 | STEVEN M | RUFFALO | WBAYB6C5XDC998294 | VALID | |
| OPTOUT10 | FRANCESCA A | CECCORULLI | WBAYF8C53DD140269 | VALID | |
| OPTOUT11 | RYAN L | ENNIS | 5UXKR6C5XE0J73376 | VALID | |
| OPTOUT12 | TAMRA MARIE | KNUTSON | 5UXKU6C53G0R34038 | VALID | |
| OPTOUT13 | LINDA G | BEHNKE | WBAYP1C59FD216827 | VALID | |
| OPTOUT14 | EDITH D | EARLY | WBAKN9C55ED680710 | VALID | |
| OPTOUT15 | ANTHONY | CARTOLARO | 5UXKR6C55G0J82229 | VALID | |
| OPTOUT16 | GEORGE J | NADER | WBAYF8C54DD140801 | VALID | |
| OPTOUT17 | LISSA M | CONYERS | 5UXKR6C5XF0J78661 | VALID | |
| OPTOUT18 | DANIEL JOSEPH | RICCOMINI | 5UXKR6C5XF0J79308 | VALID | |
| OPTOUT19 | GEORGE M | WILLIAMS | WBAYE8C57ED780649 | VALID | |
| OPTOUT20 | TERRY LAVAUGHN | YOUNG | WBAYE8C50DDE22102 | VALID | |
| OPTOUT21 | GEORGE C | WYNN | WBAYA8C5XDC996883 | VALID | |
| OPTOUT22 | MICHAEL W | WHITEMAN | WBAYE8C56DD133786 | VALID | |
| OPTOUT23 | MARIA MARTHA | VASQUEZ | WBAYE8C52ED136377 | VALID | |
| OPTOUT24 | ATUL J | RATANJI | WBAYE8C50DD132486 | VALID | |
| OPTOUT25 | SAYEED ABDUL | MOHAMMAD | WBAYB6C5XED224705 | VALID | |
| OPTOUT26 | TONY ROJAS | RUSSO | WBAYE8C57ED780425 | VALID | |
| OPTOUT27 | IWONA E | MISIUTA | WBAKN9C57ED681986 | VALID | |

| OPTOUT28 | GENNADIY | SHUMAKH | WBAYB6C53DC997987 | VALID | |
| OPTOUT29 | THOMAS DAVID | STEELE | WBAYE8C51ED136211 | VALID | |
| OPTOUT30 | ROYCE EVERETT | HOOD | 5UXKR6C53E0C03370 | VALID | |
| OPTOUT31 | JACK | HIGBEE | 5UXKR6C58E0J73697 | VALID | |
| OPTOUT32 | MENACHEM | LANGER | WBAYF8C5XED653620 | VALID | |
| OPTOUT33 | JANE TROTTER | JOHNSON | WBA6B2C58DD128537 | VALID | |
| OPTOUT34 | LARRY DARNELL | JONES | WBAYP9C59DD168757 | VALID | |
| OPTOUT35 | MICHAEL | KIRSHTEYN | 5UXKR6C56E0J73200 | VALID | |
| OPTOUT36 | RODNEY J | GAINOUS | WBAKN9C58ED681978 | VALID | |
| OPTOUT37 | PATRICIA C | BENSON | WBAYF8C59DDS17324 | VALID | |
| OPTOUT38 | LAWRENCE ROY | BELL | WBAYE8C55DD132256 | VALID | |
| OPTOUT39 | JOHN MICHAEL | ALBERT | WBAYE8C53DDE22031 | VALID | |
| OPTOUT40 | DERRICK | DUNLAP | WBAKN9C52ED682107 | VALID | |
| OPTOUT41 | JOHN A | FOWLER | WBAYP9C56DDW21300 | VALID | |
| OPTOUT42 | FRANK C | BLUMEYER | WBAYE8C55DDE22256 | VALID | |
| OPTOUT43 | YOAN | HERNANDEZ | WBAYB6C5XED224283 | VALID | |
| OPTOUT44 | DONEGAL INSURANCE GROUP | | WBAYE8C57DD133165 | INVALID | NO VEHICLE INFO |
| OPTOUT45 | KEVIN M | CONNAUGHTON | WBA6B2C51ED129529 | VALID | |
| OPTOUT46 | ARNELL KEITH | BELL | WBAYE8C51DDS15926 | VALID | |
| OPTOUT47 | TAYSON C | GAINES | WBA6B2C54ED128990 | VALID | |
| OPTOUT48 | UNDRELL ADARRYLL | AMBROSE | WBAYE8C54FD782232 | VALID | |
| OPTOUT49 | NADIYAH | FORD | WBA5M6C55ED085953 | INVALID | UNTIMELY |